IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ANGELA C.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 5:20-cv-00080 |
| | ) |
| KILOLO KIJAKAZI, Acting | )   By:  Elizabeth K. Dillon |
| Commissioner, Social Security | )         United States District Judge |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On August 31, 2021, the court issued an order remanding this matter to the Commissioner of Social Security "to further evaluate Plaintiff's claims, offer Plaintiff the opportunity for a new hearing, and issue a new decision." (Dkt. No. 20.) Plaintiff then filed a motion for attorney fees, which is opposed by the defendant on the grounds that the requested hourly rate is unreasonable. The court will not award fees using plaintiff's proposed hourly rate, which would have resulted in an award of $9,476.25. Instead, the court will grant the motion for fees in the amount of $8,314.59, as set forth below. Therefore, plaintiff's motion will be granted in part and denied in part.

Under the Equal Access to Justice Act (EAJA), prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Such an award must be

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

reasonable with respect to the hourly rate charged and the number of hours billed. *Hyatt v. Barnhart*, 315 F.3d 239, 248 (4th Cir. 2002). Regarding the hourly rate, the EAJA provides:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). "Section 2412(d)(2)(A) leaves the decision of whether to award fees in excess of the statutory cap in the sound discretion of the district judge." *May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991). The fee applicant bears the burden of establishing the reasonable hourly rate. *Hyatt*, 315 F.3d at 253; *Norton v. Kijakazi*, DOCKET NO. 1:20-cv-00285-MOC-WCM, 2022 WL 1019239, at *1 (W.D.N.C. Apr. 5, 2022).

Plaintiff requests attorney's fees in the amount of $9,476.25, calculated at the rate of $250.00 per hour for attorney work and $75.00 per hour for paralegal work. A total of 49 hours were spent for work on this case in federal court. (*See* Dkt. Nos. 22-2, 22-3, 22-4.) In support, plaintiff cites a case where the court approved an hourly rate of $250.00 for attorney work (and $75.00 for paralegal work). *See Paula K. v. Saul*, Civil Action No. 5:15-cv-00084, 2019 WL 6497430 (W.D. Va. Dec. 3, 2019). This case involved the hourly rate for fees under 42 U.S.C. § 406(b),[2] not under the EAJA. Plaintiff concedes that the court's ruling in *Paula K* is not controlling in this context. In the court's view, it is not even persuasive. Given that the proposed hourly rate is not tied to an increased cost of living or other special factor, plaintiff has not met her burden of establishing that the $250.00 hourly rate is justified.

---

[2] This statute provides that a claimant who receives a favorable judgment may receive a reasonable fee award "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). As the court noted in its *Paula K* decision, "if a court awards fees under § 406(b) and the EAJA, the attorney can keep only the larger of the two and must return the lesser amount to plaintiff." 2019 WL 6497430, at *4 (collecting cases).

Plaintiff then attempts to establish an hourly rate by using the consumer price index. The Commissioner performed a similar task, although the Commissioner used the Southern Urban Area CPI (CPI-SUA) instead of the All Cities CPI. The Commissioner cites caselaw from district courts in North Carolina that use CPI-SUA. *Fryar v. Saul*, No. 7:19-CV-198-RJ, 2021 WL 769664, at *5 (E.D.N.C. Feb. 26, 2021); *see also Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *5 (E.D.N.C. Feb. 8, 2008) (explaining that plaintiff correctly looked at "a CPI developed by the U.S. Department of Labor, she incorrectly relies on the CPI (All Urban Consumers), which is used to measure inflation nationally, rather than the CPI (South Urban Area), which is used to measure the cost of living adjustment for North Carolina"). Virginia is also in the South region for purposes of these calculations, so the court agrees with the government that the CPI-SUA is the appropriate indicator.[3] The court notes that the difference in calculation between the two methods is only $271.12 ($8,586.11-$8,314.59).

Therefore, the court will award fees as illustrated in the following table. The court notes that it calculated the hourly rate using the formula set forth in *Ramon-Sepulveda v. I.N.S.*, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988).[4] The court also notes that "fees incurred in a particular year must be indexed using the cost-of-living multiplier for that year, and so on for each year in which fees were incurred." *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *see also Abusamhadaneh v. Taylor*, No. 1:11cv939 (JCC/TCB), 2013 WL 193778, at *16–17 (E.D. Va. Jan. 17, 2013) (explaining that the hourly rate "should only be increased by the corresponding Consumer Price Index for each year in which the legal work was performed" because "28 U.S.C. § 2412(d) does not authorize indexing attorney's fees awards at current rates" but instead

---

[3] *See* https://www.bls.gov/cpi/regional-resources.htm (last visited August 22, 2022).

[4] $\frac{X}{\$125} = \frac{\text{CPI-new}}{\text{CPI-March 1996}}$

3

requires calculation "with regard to when the services were performed, not on the basis of when the award is made").

| Month | CPI-SUA | Rate | Attorney Hours | Rate x Hours |
|---|---|---|---|---|
| October 2020 | 205.542 | $205.50 | 1 | $205.50 |
| March 2021 | 255.319 | $209.42 | 0.25 | $52.36 |
| May 2021 | 259.343 | $212.72 | 2 | $425.44 |
| June 2021 | 261.668 | $214.62 | 7 | $1,502.34 |
| July 2021 | 263.013 | $215.72 | 22.55 | $4,864.49 |
| August 2021 | 263.728 | $216.31 | 0.35 | $75.71 |
| **Total** | | | 33.15 hours | $7,125.84 + $1,188.75[5] = **$8,314.59** |

Finally, plaintiff's counsel requested that the fee award be paid directly to him. Attorney's fees awarded under the EAJA belong to the plaintiff, not to plaintiff's counsel. *See Astrue v. Ratliff*, 460 U.S. 586, 589 (2010). The court will issue an appropriate order outlining the correct procedure for the payment to be made.

For these reasons, the court will issue an order granting in part and denying in part plaintiff's motion for attorney's fees and awarding fees in the amount of $8,314.59.

Entered: August 24, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] The amount of paralegal fees is not disputed.